IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| MFB INTERNATIONAL HOLDINGS S.À R.L., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| FOH ONLINE CORPORATION | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

MFB International Holdings S.à r.l. ("Plaintiff" or "Maidenform") alleges as follows:

## NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendant FOH Online Corporation ("Frederick's"), of U.S. Patent No. 8,262,433 ("the '433 Patent").

## THE PARTIES

2. MFB International Holdings S.à r.l. is a private limited company (société à responsabilité limitée) organized under the laws of the Grand Duchy of Luxembourg, having its registered office at 33, rue du Puits Romain, L-8070 Bertrange, Grand Duchy of Luxembourg.

3. Defendant FOH Online Corp. is a corporation organized under the laws of Delaware.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Frederick's. Upon information and belief, Frederick's solicits and transacts substantial business in the state of North Carolina, including in this District. Upon information and belief, Frederick's has also committed acts of patent infringement in this District at least by selling and offering to sell brassieres that infringe Maidenform's patents in this District through its nationally-accessible website, www.fredericks.com. Thus, Frederick's has purposefully availed itself of the benefits of this forum, and the exercise of jurisdiction over Frederick's would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Frederick's resides in this District by transacting and soliciting business in this District, including with respect to brassieres that infringe the '433 Patent.

## GENERAL ALLEGATIONS

## MAIDENFORM

7. For over 80 years, Maidenform has designed, developed, made, and sold a wide array of women's apparel products, including brassieres.

8. Maidenform markets and sells its products worldwide using a variety of distribution channels under such brands as Maidenform®, Flexees®, Lilyette®, Self Expressions®, and Sweet Nothings®.

9. Maidenform's longevity and success is due, in large part, to its history of designing and introducing innovative products into the market.

10. Maidenform has taken steps to protect its innovative designs, including its brassiere designs. When appropriate, Maidenform has sought and obtained patent protection for the innovative products it has developed.

2

## THE '433 PATENT

11. Maidenform is the exclusive beneficial and economic owner of the '433 patent with the right to enforce and sue for past damages.

12. The '433 Patent was duly and legally issued by the United States Patent and Trademark Office on September 11, 2012, is active, and is entitled "Bra cup for increasing visual appearance of breast size, and brassiere incorporating the same." The '433 Patent names Steven Castellano as its inventor. A true and correct copy of the '433 Patent is attached hereto as Exhibit A.

13. The '433 Patent is presumed to be valid.

14. The '433 Patent is directed to bra cups and brassieres for increasing the visual appearance of the wearer's breasts by at least two cup sizes. Figure 1 of the '433 Patent "is a perspective view of a brassiere having bra cups in accordance with the present invention, secured about the torso of a wearer." 2:1-3. Figure 3 "is a cross-sectional view of the bra cup of FIGS. 1 and 2 . . . ." 2:6-7:



15. Exemplary claim 1 of the '433 Patent recites:

> A bra cup, comprising:
>
> an inner cup portion comprising one or more inner layers, at least one layer of the one or more inner layers having a surface with a spline-shaped cross-sectional

curvature that extends between an upper edge and a lower edge of the bra cup; and

an outer cup portion, attached to the inner cup portion, comprising one or more outer layers, the inner cup portion and the outer cup portion together forming the bra cup,

wherein the inner cup portion is configured to support a wearer's breast of a first cup size, and to uplift and push the breast inwardly towards an opposite breast of the wearer, and

wherein the outer cup portion is configured to have a second cup size at least two cup sizes larger than that of the first cup size.

## FREDERICK'S INFRINGING ACTIVITIES

16. Frederick's, without Maidenform's authorization, makes, uses, imports, sells, or offers for sale in the United States bra cups and brassieres covered by the '433 Patent (collectively, the "Accused Products"). The Accused Products include at least the Frederick's of Hollywood Hollywood Knockout Push Up Bra.

17. On August 10, 2016, attorneys for Maidenform sent a letter to Frederick's notifying Frederick's of Maidenform's rights under the '433 Patent and informing Frederick's that the Accused Products infringe one or more claims of the '433 Patent.

18. Representatives of Frederick's acknowledged receipt of this letter.

19. Maidenform and Frederick's are competitors in the intimate apparel industry.

20. Frederick's infringing actions have caused and continue to cause Maidenform to suffer irreparable injury to its business. Maidenform will continue to suffer substantial loss unless Frederick's is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## COUNT I
### (Infringement of United States Patent No. 8,262,433)

21. Maidenform realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-20 of this Complaint.

22. Frederick's directly infringes, literally or under the doctrine of equivalents, one or more claims of the '433 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States, in violation of 35 U.S.C. § 271(a).

23. The Accused Products meet all the elements of at least claim 1 of the '433 Patent.

24. The Accused Products comprise two bra cups, and each bra cup has, literally and/or by equivalents, an inner cup portion, at least of layer of which has a surface with a spline-shaped cross-sectional curvature that extends between an upper edge and a lower edge of the bra cup. For example, the following photographs of the Hollywood Knockout bra shows the brassiere comprising two cups and the spline-shaped cross-sectional curvature of the inner layers of the inner cup portion of the bra cups. (Photograph on the left from https://www.fredericks.com/hollywood-knockout-push-up-bra?attr=23061)



25. The Accused Products also include, literally and/or by equivalents, an outer cup portion, which is attached to the inner cup portion. For example, the photographs above show the outer cup portion of the Hollywood Knockout bra and its attachment to the inner cup portion

26. The inner cup portion of the Accused products is, literally and/or by equivalents, configured to support a wearer's breast of a first cup size, and to uplift and push the breast

5

inwardly towards an opposite breast of the wearer. For example, the inner cup portion of the Hollywood Knockout bra comprises convex areas on the outer and lower edges that would tend to uplift and push the breast inwardly when worn.

27. The outer cup portion is, literally and/or by equivalents, configured to have a second cup size at least two cup sizes larger than that of the first cup size, such that the Accused Products increase the appearance of the wearer's breasts by "two full cup sizes." https://www.fredericks.com/hollywood-knockout-push-up-bra?attr=23061.

28. Frederick's has known of the '433 Patent since at least August 10, 2016.

29. Frederick's knew or should have known or deliberately took steps to avoid learning that its Accused Products infringe the '433 Patent.

30. In violation of 35 U.S.C. § 271(b), Frederick's has induced infringement and is continuing to induce infringement of one or more claims of the '433 Patent by actively and knowingly inducing others to directly make, use, sell, and/or offer for sale in the United States, and/or to import into the United States, brassieres and/or bra cups covered by the '433 Patent. For example, Frederick's has knowingly encouraged direct infringement of the '433 Patent by others by selling the Accused Products to customers with the knowledge and intent that customers who buy the products will use, sell, and/or offer for sale the infringing products and therefore directly infringe the claims of the '433 Patent.

31. Frederick's acts of infringement of the '433 Patent were undertaken without permission or license from Maidenform.

32. Maidenform has suffered monetary damages and other injuries as a result of Frederick's past and continuing infringement of the '433 Patent. Maidenform is entitled to

6

Case 1:16-cv-01177-TDS-JEP   Document 1   Filed 09/26/16   Page 6 of 8

recover damages adequate to compensate Maidenform for Frederick's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

33.     Despite its knowledge of the '433 Patent, Frederick's has continued to willfully and deliberately infringe the '433 Patent.  Maidenform is therefore entitled to recover enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

34.     Maidenform has been irreparably harmed by Frederick's past and continuing infringement of the '433 Patent, and unless enjoined by this Court, Frederick's acts of infringement will continue to damage Maidenform irreparably.

## **PRAYER FOR RELIEF**

WHEREFORE, Maidenform respectfully requests that the Court:

a.      Enter a judgment that Frederick's has infringed the '433 Patent;

b.      Grant a permanent injunction restraining and enjoining Frederick's, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, and affiliated or related companies from infringing the ' 433 Patent;

c.      Award Maidenform damages in an amount sufficient to compensate Maidenform for Frederick's infringement of the '433 Patent, but not less than a reasonable royalty, together with interests and costs;

d.      Award enhanced damages pursuant to 35 U.S.C. § 284 for Frederick's willful, wanton, and/or malicious behavior;

e.      Award prejudgment interest to Maidenform under 35 U.S.C. § 284;

f.      Declare this case exceptional under 35 U.S.C. § 285 and award Maidenform its expenses of litigation, including reasonable attorney's fees; and

g. Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Maidenform hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: September 26, 2016

OF COUNSEL:
Vaibhav P. Kadaba
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Phone: 404.815.6500
Fax: 404.815.6555
wkadaba@kilpatricktownsend.com

Respectfully submitted,

/s/ *Matias Ferrario*
Matias Ferrario
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Phone: 336.607.7300
Fax: 336.607.7500
mferrario@kilpatricktownsend.com

*Attorneys for Plaintiff*
*MFB International Holdings Sà r.l.*